http://www.va.gov/vetapp16/Files5/1639913.txt

Citation Nr: 1639913 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 08-09 835A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to an initial disability rating in excess of 10 percent for varicose veins of the right lower extremity. 

2. Entitlement to an initial disability rating in excess of 10 percent for varicose veins of the left lower extremity. 

3. Entitlement to a compensable disability rating for hemorrhoids.

4. Entitlement to a disability rating in excess of 10 percent for a right knee disability.

5. Entitlement to a disability rating in excess of 10 percent for a left knee disability.

6. Entitlement to a disability rating in excess of 20 percent for degenerative arthritis and rotator cuff tendinopathy of the right shoulder. 

REPRESENTATION

Appellant represented by: Robert Eastman, Attorney

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

T.Y. Hawkins, Counsel

INTRODUCTION

The Veteran had honorable active duty service with the United States Marines from January 1982 to January 1990, and with the United States Navy from October 1997 to May 2002.

These matters come before the Board of Veterans' Appeals (Board) on appeal from rating decisions dated in October 2006, February 2008 and October 2008, issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. In a July 2016 rating decision, the Agency of Original Jurisdiction (AOJ) increased the disability rating for degenerative arthritis and rotator cuff tendinopathy of the right shoulder from 10 to 20 percent, effective April 14, 2006. The issue remains in appellate status because a higher schedular rating is available. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

In October 2010 and April 2014, the Veteran testified before a Veterans Law Judge (VLJ) during a Board video conference hearing. Transcripts of the hearings have been associated with the claims folder. That VLJ is not currently available. In an August 2016 letter, the Board notified the appellant that the VLJ who conducted the hearing was not available and of his right to request a new hearing before another VLJ. In a statement received in September 2016, he requested a new video conference hearing.

In December 2010 and September 2014, the Board remanded the claims to the AOJ for additional evidentiary development. As there has been substantial compliance with the Board's remand directives, the Board finds there is sufficient evidence to adjudicate the claims. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.

REMAND

The case is REMANDED for the following action:

1. Schedule the Veteran for a Board video conference hearing before a Veterans Law Judge. Appropriate notification should be given to the Veteran and his attorney, and such notification should be documented and associated with the Veteran's claims file. After the hearing has been held, or if the Veteran cancels the hearing or fails to report, the case should be returned to the Board for further appellate review, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).